

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § | CASE NO. 1:11-CR-139(1) |
| JARVIS ALLEN CONWAY | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On April 25, 2012, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Jarvis Allen Conway, on **Count Two, Count Three, Count Four and Count Five** of the charging **First Superseding Indictment** filed in this cause.

Count Two alleges that on or about June 12, 2011, in Jefferson County, Texas, in the

Eastern District of Texas, Jarvis Allen Conway, defendant, did unlawfully obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce as that term is defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take personal property consisting of approximately $1,400 in U.S. currency belonging to Papa John's Store #810, located at 540 Calder Avenue, Beaumont, Texas, from the presence of an employee against her will by means of actual and threatened force, violence, and fear of immediate and future injury to her person, while the employee engaged in commercial activities as an employee of the Papa John's Store #810, a business that was engaged in and affects interstate commerce, in violation of 18 U.S.C. §1951.

Count Three alleges that on or about June 22, 2011, in Jefferson County, Texas, in the Eastern District of Texas, Jarvis Allen Conway and Tameka Marie Gill, defendants, did unlawfully obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce as that term is defined in 18 U.S.C. § 1951, in that the defendants did unlawfully attempt to take personal property consisting of approximately $3,000 in U.S. currency belonging to the Sam's Communications, located at 2265 N. 11th Street, Beaumont, Texas, from the presence of an employee against her will by means of actual and threatened force, violence, and fear of immediate and future injury to her person, while the employee engaged in commercial activities as employee of Sam's Communications, a business that was engaged in and affects interstate commerce, in violation of 18 U.S.C. §1951.

Count Four of the Indictment charges that on or about June 12, 2011, in Jefferson County, Texas, in the Eastern District of Texas, Jarvis Allen Conway, defendant, did knowingly

and unlawfully use, carry, possess and brandish a firearm, that is, a semi-automatic pistol, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interference with commerce by violence, in violation of 18 U.S.C. § 1951, as set forth in Count Two of this indictment, which is realleged here and incorporated by reference as if set forth in full, in violation of 18 U.S.C. § 924(c).

Count Five alleges that on or about June 22, 2011, in Jefferson County, Texas, in the Eastern District of Texas, Jarvis Allen Conway and Temeka Marie Gill, defendants, did knowingly and unlawfully use, carry, possess and brandish a firearm, that is, a semi-automatic pistol, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, interference with commerce by violence, in violation of 18 U.S.C. § 1951, as set forth in Count Three of this indictment, which is realleged here and incorporated by reference as if set forth in full, in violation of 18 U.S.C. § 924(c).

Defendant, Jarvis Allen Conway, entered a plea of guilty to Count Two, Count Three, Count Four and Count Five of the First Superseding Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which

was disclosed and addressed in open court, entered into the record, and placed under seal.

  c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

  d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 18 U.S.C. §§ 1951 and 924(c).

## STATEMENT OF REASONS

  As factual support for Defendant's guilty plea, the Government presented a factual basis. *See Factual Basis and Stipulation.* In support, the Government and Defendant stipulated that if this case were to proceed to trial the Government would prove beyond a reasonable doubt, through the sworn testimony of witnesses, including expert witnesses, and through admissible exhibits, each and every essential element of the crimes charged in Count Two, Count Three, Count Four and Count Five of the First Superseding Indictment. The parties also stipulated that the Government would also prove that the defendant is one and the same person charged in Count Two, Count Three, Count Four and Count Five of the First Superseding Indictment and that the events described in the First Superseding Indictment occurred in the Eastern District of Texas. The Court incorporates the proffer of evidence described in detail in the factual basis in support

of the guilty plea.

Defendant, Jarvis Allen Conway, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## **RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offenses charged in **Count Two, Count Three, Count Four and Count Five** of the charging First Superseding Indictment on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Jarvis Allen Conway, be finally adjudged as guilty of the charged offenses under Title 18, United States Code, Sections 1951 and 924(c).

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject the plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw the guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded

by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 26th day of April, 2012.**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　KEITH F. GIBLIN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE