IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

JARVIS ALLEN CONWAY,

           Defendant.

NO. 1:11-CR-139

## REPORT AND RECOMMENDATION

Pending is the Defendant, Jarvis Allen Conway's, *Pro Se Motion to Reduce Sentence Under the First Step Act of 2018 Under "Hobbs Act" in Light of U.S. Supreme Court Ruling* [sic].[1] (Dkt. 130.) Conway bases his request on the Supreme Court's decision in *United States v. Taylor*, which held that attempted Hobbs Act robbery is not a "crime of violence" for purposes of a conviction under 18 U.S.C. § 924(c)(1) (using a firearm in furtherance of a crime of violence). The Government contends that the motion should be construed as a successive § 2255 petition and asks that it be denied for lack of requisite authorization from the Court of Appeals.[2] The undersigned agrees with the Government's response and recommends denying the motion.

## I.    BACKGROUND

From April 2011 through September 2011, Conway participated in a spree of armed robberies targeting businesses in Beaumont, Texas. PSR ¶¶ 9-15, 41-47. On April 25, 2012,

---

[1] This motion was referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. 28 U.S.C. § 636(b)(1)(B); E.D. TEX. LOCAL R. CR-59(a); Dkt. #135.

[2] The Government also argues that if Conway's motion is construed as a motion for compassionate release under the First Step Act, it should be denied because he fails to establish any extraordinary and compelling reason for a sentence reduction. However, because the undersigned finds that Conway has not obtained the requisite approval from the Fifth Circuit Court of Appeals to file a successive § 2255 motion, the meris of his request are not addressed.

he pled guilty to Counts 2 and 3 (charging violations of Hobbs Act Robbery) and Counts 4 and 5 (charging violations of Section 924(c), Brandishing a Firearm During a Crime of Violence) of the First Superseding Indictment.   The parties agreed to a sentence of 360 months' imprisonment pursuant to a binding plea agreement under FED. R. CRIM. P. 11(c)(1)(C).   Criminal Dkt. #59, 62; PSR ¶ 5. At the sentencing hearing, the Government moved to dismiss Count 5 because it would have required a mandatory minimum sentence of 300 months' imprisonment, consecutive to the other counts, and the agreed sentence of 360 months would have been below the mandatory minimum. Criminal Dkt. #97.

On December 13, 2012, Conway was convicted and sentenced to the agreed 360 month term of imprisonment—240 months' imprisonment for Counts 2 and 3 (Hobbs Act Robbery) and 120 months' imprisonment for Count 4 (Brandishing a Firearm During a Crime of Violence), to be served consecutively. Criminal Dkt. #97. The Section 924(c) conviction (Count Four) was predicated on Count Three, which charged Hobbs Act Robbery (not Attempted Hobbs Act Robbery). The Court entered judgment on December 19, 2012. Criminal Dkt. #98.   Conway appealed his convictions and sentence to the Court of Appeals for the Fifth Circuit. The judgment of the district court was affirmed on March 7, 2014. Criminal Dkt. #116.

On June 26, 2015, the Supreme Court decided *Johnson v. United States* finding that the "residual clause" definition for "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague.   135 S. Ct. at 2563 (holding that the imposition of an enhanced sentence under the residual clause of the Armed Career Criminal Act violates due process because the clause is too vague to provide adequate notice).   On May 27, 2016, Conway filed a *Pro Se Motion to Reduce Sentence* asking to be resentenced in light of the

Court's holding in *Johnson*. Criminal Dkt. #117.

Magistrate Judge Keith Giblin construed Conway's *pro se* motion as a collateral attack on his conviction and sentence and ordered that it be stricken from his criminal action and refiled as a civil matter pursuant to 28 U.S.C. § 2255. His new civil case was filed and assigned Case Number 1:16-CV-271. Judge Giblin recommended that Conway's § 2255 motion be denied:

> [Conway's] reliance on the decision in *Johnson*, however, is misplaced. The determination in *Johnson* has no bearing on movant's case because his sentence was not increased under the ACCA residual clause—the only provision that [the Supreme Court] found to be unconstitutional. *See Johnson*, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). A review of the Presentence Report (PSR) in this case reveals there were no adjustments under the armed career criminal guideline, U.S.S.G. § 4B1.4. Accordingly, *Johnson* does not affect [Conway's] sentence. Additionally, [he] was convicted for Hobbs Act robberies. A conviction for Hobbs Act robbery clearly qualifies as a "crime of violence" under the force clause of § 924(c)(3)(A). *See United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *see also In re Fleur*, 2016 WL 3190539, *3 (11th Cir. June 8, 2016). Therefore, [Conway's] conviction was not based on the residual clause of Section 924(c) and is not unconstitutional …
>
> Further, movant's sentence was not enhanced under the career offender provision of the United States Sentencing Guidelines. *See* [U.S.S.G.] § 4B1.1. Even if [Conway's] sentence had been increased under the career offender provision, he would be entitled to no relief. The Supreme Court recently decided *Beckles v. United States*, 137 S. Ct. 886 (2017), in which the Court held that the vagueness challenges at issue in *Johnson* could not be made to similar provisions of the Sentencing Guidelines. *Id*. at 892-895. Accordingly, [Conway] is entitled to no relief.

*R. & R.*, Civil Dkt. #8 (adopted Civil Dkt. #9).

## II. MOTION CONSTRUED AS SUCESSIVE § 2255 MOTION

Conway filed this motion for compassionate release on December 9, 2022, in his criminal case. Criminal Dkt. #132. Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing.

3

*Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Accordingly, the defendant's motion, liberally construed, is interpreted as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

"Under 28 U.S.C. §§ 2244(b) and 2255(h), '[a] second or successive habeas application must meet strict procedural requirements before a district court can properly reach the merits of the application.'" *United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019) (quoting *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018)), *cert. denied*, 140 S. Ct. 866 (2020). Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Before filing a successive § 2255 motion in this court, a movant must seek and obtain a certification from the United States Court of Appeals for the Fifth Circuit to permit this court to consider the successive motion. *See In re Hartzog*, 444 F. App'x 63, 64-65 (5th Cir. 2011) ("A movant's failure to seek authorization from this Court before filing a second or successive [petition] acts as a jurisdictional bar."); *In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255) ("Before a

successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one.")

### III. CONCLUSION AND RECOMMENDATION

The undersigned construes Conway's latest *pro se* motion as a successive § 2255 motion. For the reasons stated above, a second or successive § 2255 motion cannot be filed without authorization from the Fifth Circuit Court of Appeals. Conway has not obtained such authorization, and therefore, the court lacks jurisdiction to consider the motion

Accordingly, the undersigned recommends denying his *Pro Se Motion to Reduce Sentence Under the First Step Act of 2018 Under "Hobbs Act" in Light of U.S. Supreme Court Ruling* [sic] (Dkt. #130).

### IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3). A party's failure to file specific, written objections to the proposed

findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

      SIGNED this 17th day of November, 2025.

                                                        _____

                                              Zack Hawthorn
                                              United States Magistrate Judge